**DAVID A. DILLARD, CA Bar No. 97515**
ddillard@lrrc.com
**CONSTANTINE MARANTIDIS, CA Bar No. 173318**
cmarantidis@lrrc.com
**SAMI I. SCHILLY, CA Bar No. 301653**
sschilly@lrrc.com
**LEWIS ROCA ROTHGERBER CHRISTIE LLP**
**655 N. Central Avenue, Suite 2300**
**Glendale, CA 91203-1445**
**Telephone: (626) 795-9900**
**Facsimile: (626) 577-8800**

Attorneys for Defendant
**DELTA SCIENTIFIC CORPORATION**

Lewis Roca ROTHGERBER CHRISTIE
655 North Central Avenue
Suite 2300
Glendale, CA 91203-1445

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| RSA PROTECTIVE TECHNOLOGIES, LLC,<br><br>Plaintiffs,<br><br>vs.<br><br>DELTA SCIENTIFIC CORPORATION,<br><br>Defendant. | Case No. 2:19-cv-06024 JAK (PLAx)<br><br>**DEFENDANT DELTA SCIENTIFIC CORPORATION'S [PROPOSED] COUNTERCLAIM FOR DECLARATORY JUDGMENT OF PATENT UNENFORCEABILITY DUE TO INEQUITABLE CONDUCT**<br><br>**Hon. John A. Kronstadt** |
| DELTA SCIENTIFIC CORPORATION,<br><br>Counterclaimant,<br><br>vs.<br><br>RSA PROTECTIVE TECHNOLOGIES, LLC,<br><br>Counter-Defendant. | |

Lewis Roca ROTHGERBER CHRISTIE
655 North Central Avenue
Suite 2300
Glendale, CA 91203-1445

Defendant and Counterclaimant Delta Scientific Corporation ("Delta" or "Defendant"), by and through its attorneys, asserts the following counterclaim against Plaintiff and Counter-Defendant RSA Protective Technologies, LLC ("RSA" or "Plaintiff") as set forth below.

**THE PARTIES**

1. Delta Scientific is a corporation organized and existing under the laws of the state of California with its principal place of business at 40355 Delta Lane, Palmdale, California 93551.

2. On information and belief, RSA Protective Technologies is a limited liability corporation organized and existing under the laws of Delaware, having its principal place of business at 223 Independence Drive, Claremont, CA 91711.

**JURISDICTION AND VENUE**

3. Delta's Counterclaims arise under the patent laws of the United States, 35 U.S.C. §§ 100 et seq. The Court has subject matter jurisdiction over these counterclaims pursuant to 28 U.S.C. §§ 1331, 1338(a), 2201, and 2202.

4. As a result of the allegations made by RSA in the Complaint in this action, an actual controversy exists between Delta and RSA as to the invalidity of the Patent-in-Suit.

5. Because these counterclaims are asserted in an action where Counter-Defendant has filed claims in this district, this Court has personal jurisdiction over Counter-Defendant.

6. Venue is proper under 28 U.S.C. § 1391.

**COUNTERCLAIM COUNT I**

**(Unenforceability Due to Inequitable Conduct)**

7. Delta repeats and realleges the allegations of paragraphs 1-6 as if fully set forth herein.

8. In the Complaint in this action, RSA asserts that it is the owner of U.S. Patent No. 8,215,865 (the "'865 Patent" or the "Patent-in-Suit").

9. In the Complaint in this action, RSA asserts that the ’865 Patent has been infringed by Delta’s making, using, importing, selling, and/or offering for sale in the United States certain bollard assemblies.

10. Under the patent laws and regulations, each individual associated with the filing and prosecuting of a patent application before the USPTO has a duty of candor and good faith in dealing with the USPTO.

11. The ’865 Patent is a continuation of and claims priority to U.S. Patent Application No. 11/191,251 (the “’251 Application”), filed on July 26, 2005, which issued as U.S. Patent No. 7,699,558 (the “’558 Patent”).

12. The ’251 Application was filed on July 26, 2005, by attorney Jon Carl Gealow (“Attorney Gealow”) of Jon C. Gealow & Associates. The ’251 Application was filed in the name of co-inventors Richard Adler and John Crawford as Applicants. On information and belief, at the time of filing, the ’251 Application was not assigned to RSA or to any other party.

13. On August 15, 2005, the USPTO issued a Notice to File Missing Parts of Nonprovisional Application (“Notice to File Missing Parts”) relating to the ’251 Application. On information and belief, the Notice to File Missing Parts was mailed to Jon C. Gealow & Associates on August 15, 2005. The Notice to File Missing Parts stated:

> “An application number and filing date have been accorded to this application. The item (s) indicated below, however, are missing. Applicant is given **TWO MONTHS** from the date of this Notice within which to file all required items and pay any fees required below to avoid abandonment. Extensions of time may be obtained by filing a petition accompanied by the extension fee under the provisions of 37 CFR 1.136(a).”

14. The Notice to File Missing Parts indicated that “The statutory basic filing fee is missing” and “The oath or declaration is missing.” The Notice to File

Lewis Roca ROTHGERBER CHRISTIE
655 North Central Avenue
Suite 2300
Glendale, CA 91203-1445

Missing Parts also stated: "The required item(s) identified below must be timely submitted to avoid abandonment: [] Replacement drawings in compliance with 37 CFR 1.84 and 37 CFR 1.121(d) are required." The Notice to File Missing Parts also stated: "The required item(s) identified below must be timely submitted to avoid abandonment: [] Additional clam fees of **$675** as a small entity, including any required multiple dependent claim fee, are required. Applicant must submit the additional claim fees or cancel the additional claims for which fees are due. [] To avoid abandonment, a surcharge (for late submission of the filing fee, search fee, examination fee or oath or declaration) as set forth in 37 CFR 1.16(f) of $65 for a small entity in compliance with 37 CFR 1.27, must be submitted with the missing items identified in this letter."

15. On information and belief, Attorney Gealow received the Notice to File Missing Parts, reviewed the Notice to File Missing Parts, and understood the Notice to File Missing Parts.

16. On information and belief, Attorney Gealow did not inform Adler or Crawford of the Notice to File Missing Parts and did not forward Adler or Crawford the Notice to File Missing Parts.

17. On information and belief, the last date to file a response to the Notice to File Missing Parts to avoid abandonment was March 15, 2006.

18. On information and belief, a response to the Notice to File Missing Parts was not filed by Attorney Gealow, or anyone else, on or before March 15, 2006.

19. On April 24, 2006, the USPTO mailed a Notice of Abandonment Under 37 CFR 1.53 (f) or (g) ("Notice of Abandonment") relating to the '251 Application. On information and belief, the Notice of Abandonment was mailed to Jon C. Gealow & Associates on April 24, 2006. The Notice of Abandonment stated:

Lewis Roca ROTHGERBER CHRISTIE
655 North Central Avenue
Suite 2300
Glendale, CA 91203-1445

> "The above-referenced application is abandoned for failure to timely or properly reply to the Notice to File Missing Parts (Notice) mailed on 08/15/2005."

20. On information and belief, Attorney Gealow received the Notice of Abandonment, reviewed the Notice of Abandonment, and understood the Notice of Abandonment.

21. On information and belief, Attorney Gealow did not inform Adler or Crawford of the Notice of Abandonment and did not forward Adler or Crawford the Notice of Abandonment.

22. On information and belief, Attorney Gealow was the only person responsible for prosecution of the '251 Application at Jon C. Gealow & Associates.

23. On information and belief, Attorney Gealow informed Adler that Adler and Crawford must provide a declaration for the '251 Application to proceed to examination, but did not inform Adler that the Notice to File Missing Parts had issued nor that the Notice of Abandonment had issued. On information and belief, Attorney Gealow did not inform Adler that the '251 Application had become abandoned.

24. On information and belief, Crawford never refused to sign the required declaration for the '251 Application.

25. On information and belief, on November 15, 2007, Adler asked Attorney Gealow to transfer all of his files relating to patent matters to new counsel, Frank J. DeRosa ("Attorney DeRosa").

26. On information and belief, Attorney Gealow never informed Adler that the '251 Application had become abandoned. On information and belief, Adler was first informed that the '251 Application had become abandoned on January 28, 2008, when Attorney DeRosa informed Adler that the '251 Application had become abandoned.

655 North Central Avenue
Suite 2300
Glendale, CA 91203-1445
Lewis Roca ROTHGERBER CHRISTIE

27. A Petition for Revival of an Application for Patent Abandoned Unintentionally Under 37 CFR 1.137(b) for the '251 Application was filed by Attorney DeRosa on March 25, 2008 ("Petition to Revive").

28. On November 6, 2008, the USPTO mailed a Decision on Petition, dismissing the Petition to Revive ("Decision on Petition").

29. The Decision on Petition stated, in part: "Here in view of the inordinate delay (2 years) in resuming prosecution there is a question whether the entire delay was unintentional. Petitioner should note that the issue is not whether some of the delay was unintentional by any party; rather the issue is whether the entire delay has been shown to the satisfaction of the Director to be unintentional."

30. The Decision on Petition also stated, in part:

> "[A]s Jon C. Gealow & Associates was counsel of record at the time of abandonment, Jon C. Gealow & Associates should explain why this application became abandoned while it was under their control and what efforts they made to further reply of itself and with whom this matter was discussed outside of Jon C. Gealow & Associates. Copies of any correspondence relating to the filing or to not filing a further reply to the outstanding Office action are required from responsible persons Jon C. Gealow & Associates and whoever else was involved with this application at the time of abandonment. Statements are required from any and all persons responsible for handling this application and the responsible persons having firsthand knowledge of the circumstances surrounding the lack of a reply to the outstanding Office action."

31. The Decision on Petition also stated, in part:

> "Statements are required from any and all persons handling this application and the responsible person(s) having firsthand knowledge

Lewis Roca ROTHGERBER CHRISTIE
655 North Central Avenue
Suite 2300
Glendale, CA 91203-1445

of the circumstances surrounding the protracted delay, after the abandonment date, in seeking revival."

32. On April 10, 2009, Attorney DeRosa filed a Request for Reconsideration of Petition to Revive Under 37 C.F.R. § 1.137(b) (Unintentional Delay) ("Request for Reconsideration").

33. The Request for Reconsideration submitted declarations from Adler, Attorney DeRosa, and Attorney Gealow, and a 16 page request signed by Attorney DeRosa.

34. The Declaration of Attorney Gealow stated, in part: "11. During the time period from August 15, 2005 to March 15, 2006, I did not intentionally delay responding to the Notice to File Missing Parts because the response would have required the declaration signed by Mr. Crawford, which I had not received and which I believed that Mr. Adler was pursuing."

35. The Declaration of Attorney Gealow also stated, in part: "16. During the time period from April 12, 2006, to the time I received the request form [sic] Mr. Adler to transfer the files to Mr. DeRosa, I did not intentionally delay filing a petition to revive because any such petition would have required a declaration signed by Mr. Crawford (or a Rule 47 declaration), and I believed that Mr. Adler was pursuing a declaration signed by Mr. Crawford."

36. The Declaration of Attorney Gealow also stated, in part: "26. At no time did I understand that Mr. Adler wanted to abandon the Application, or not pursue it, and at all times I believed that the abandonment was unintentional. The entire delay in filing the response to the Notice to File Missing Parts and the entire delay in filing the Petition during the time I was involved were unintentional on my part."

37. The Declaration of Attorney Gealow also included a declaration attesting that all statements of his own knowledge are true and that all statements on information and belief were believed to be true.

Lewis Roca ROTHGERBER CHRISTIE
655 North Central Avenue
Suite 2300
Glendale, CA 91203-1445

38. On May 5, 2009, the USPTO mailed a document titled "On Petitions," granting the Petition to Revive, in view of the Request for Reconsideration.

39. On information and belief, Attorney Gealow intentionally concealed the Notice to File Missing Parts and the Notice of Abandonment from Adler, with the deliberate intention of later reviving the '251 Application if Adler later expressed interest in pursuing the '251 Application, with the purpose of using a petition to revive as if it were an extension of time to respond to the Notice to File Missing Parts well beyond that allowed under the patent statute and code of federal regulations.

40. On information and belief, Attorney Gealow knowingly and deliberately did not inform Adler of the consequences, i.e., abandonment of the '251 Application for failure to submit the declaration required by the USPTO, with the purpose of extending the time period to respond to the Notice to File Missing Parts well beyond that allowed under the patent statute and code of federal regulations.

41. On information and belief, Attorney Gealow fully understood that the '251 Application would be abandoned if the Notice to File Missing Parts was not responded to within the time frame allotted by the USPTO, and deliberately concealed the urgency of filing the required declarations, intending for the '251 Application to go abandoned and intending to create a perceived loophole for seeking to revive the '251 Application.

42. On information and belief, Attorney Gealow's representation to the USPTO in the Request for Reconsideration that "The entire delay in filing the response to the Notice to File Missing Parts and the entire delay in filing the Petition during the time I was involved were unintentional on my part," is false. On information and belief, Attorney Gealow intentionally allowed for the Application to go abandoned and deliberately concealed the urgency in curing

Lewis Roca ROTHGERBER CHRISTIE
655 North Central Avenue
Suite 2300
Glendale, CA 91203-1445

defects in the '251 Application from Adler, extending the delay in filing the response to the Notice to File Missing Parts and the delay in filing a Petition to Revive.

43. On information and belief, Attorney Gealow's statements to the USPTO and actions involving the '251 Application are attributable to the Applicant for the patent (i.e., Adler and Crawford) as the designated representative for prosecution of the '251 Application at the time the Notice to File Missing Parts and the Notice of Abandonment issued.

44. On information and belief, the statements by Attorney Gealow at paragraphs 11, 16, and 26 of his declaration submitted to the USPTO were inaccurate, incomplete, and misleading.

45. On information and belief, the result of the false and misleading material representations was that the '251 Application was revived for unintentional abandonment and prosecution of the '251 Application was permitted to proceed.

46. On information and belief, but for the false material representations by Gealow, the '251 Application would have remained abandoned and not been examined.

47. On information and belief, absent the false statements to the USPTO regarding Attorney Gealow's intent, the Request for Reconsideration would have been denied and the '251 Application would have remained abandoned.

48. On information and belief, Attorney Gealow knew of and understood the consequences of not responding to the Notice to File Missing Parts.

49. On information and belief, Attorney Gealow knowingly withheld the consequences of not responding to the Notice to File Missing Parts.

50. On information and belief, Attorney Gealow knowingly allowed the '251 Application to go abandoned by not responding to the Notice to File Missing Parts.

Lewis Roca ROTHGERBER CHRISTIE
655 North Central Avenue
Suite 2300
Glendale, CA 91203-1445

51. On information and belief, Attorney Gealow knew of and understood the narrow scope of a Petition to Revive, and deliberately concealed the abandonment of the ’251 Application from Adler in an attempt to impermissibly extend the period of time for seeking revival of the ’251 Application.

52. On information and belief, Attorney Gealow knew of the importance of not intentionally delaying a response to the Notice to File Missing Parts, which was explicitly stated in the Notice to File Missing Parts.

53. On information and belief, Attorney Gealow knew of the importance of promptly obtaining the required declaration from Crawford and of not intentionally delaying filing a Petition to revive for unintentional delay, which was explicitly referenced in the Notice of Abandonment.

54. On information and belief, Attorney Gealow knew the importance of his statement that the delay in responding to the Notice to File Missing Parts and the delay in filing the Petition to Revive were unintentional on his part, as the Decision on Petition required such commentary from Attorney Gealow.

55. On information and belief, Attorney Gealow knew of the falsity of the material representations regarding his intent in not responding to the Notice to File Missing Parts and not filing a petition to revive because he had deliberately concealed the Notice to File Missing Parts and the Notice of Abandonment from Adler.

56. But for the material misrepresentation by Attorney Gealow, the ’251 Application would not have been revived, the ’558 Patent would never have issued, and therefore the ’865 Patent would never have issued.

57. The affirmative misrepresentation of material fact by Plaintiff (through Attorney Gealow), coupled with an intent to deceive the USPTO, constitutes inequitable conduct that renders the ’558 Patent unenforceable and its child, the ’865 Patent, unenforceable.

Lewis Roca ROTHGERBER CHRISTIE
655 North Central Avenue
Suite 2300
Glendale, CA 91203-1445

Lewis Roca ROTHGERBER CHRISTIE
655 North Central Avenue
Suite 2300
Glendale, CA 91203-1445

## PRAYER FOR RELIEF

WHEREFORE, Delta respectfully requests that judgment be entered in its favor and against RSA and that this Court:

A. Dismiss RSA's Complaint with prejudice;

B. Deny RSA any and all relief it has requested in its Complaint;

C. Order that RSA shall take nothing by way of its Complaint;

D. Declare that all of the asserted claims of the Patent-in-Suit are unenforceable due to inequitable conduct;

E. Declare this case exceptional under 35 U.S.C. § 285 and award Delta its reasonable attorneys' fees, costs pursuant to 35 U.S.C. § 285, Fed. R. Civ. P. 11, and/or all other applicable statutes, rules, and common and/or other applicable law; and;

F. Grant Delta such other relief as the Court deems appropriate.

Dated: December 14, 2020

Respectfully submitted,

LEWIS ROCA ROTHGERBER CHRISTIE LLP

By /s/ David A. Dillard
David A. Dillard

Attorneys for Defendant
Delta Scientific Corporation