Sasha G. Rao (SBN 244303)
srao@maynardcooper.com
MAYNARD COOPER & GALE, LLP
600 Montgomery Street, Suite 2600
San Francisco, CA 94111
Telephone: (415) 646-4702

Ashe Puri (SBN 297814)
apuri@maynardcooper.com
MAYNARD COOPER & GALE, LLP
1925 Century Park East, Suite 1700
Los Angeles, CA 90067
Telephone: (310) 596-4344

Joseph V. Saphia (admitted *pro hac vice*)
JSaphia@haugpartners.com
Jessica H. Zafonte (admitted *pro hac vice*)
JZafonte@haugpartners.com
Laura A. Chubb (admitted *pro hac vice*)
LChubb@haugpartners.com
HAUG PARTNERS LLP
745 Fifth Avenue, New York, NY 10151
Telephone: (212) 588-0800
Facsimile: (212) 588-0500

*Attorneys for Plaintiff*
*RSA Protective Technologies, LLC*

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| RSA PROTECTIVE TECHNOLOGIES, LLC,<br><br>Plaintiff,<br><br>v.<br><br>DELTA SCIENTIFIC CORPORATION,<br><br>Defendant. | Case No. 2:19-cv-06024-JAK-PLA<br><br>**STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW IN SUPPORT OF MOTION FOR PARTIAL SUMMARY JUDGMENT AS TO INFRINGEMENT, WILLFUL INFRINGEMENT AND ENHANCED DAMAGES**<br><br>Date: May 17, 2021<br><br>Time: 8:30 A.M.<br><br>Judge: Hon. John A. Kronstadt |

Pursuant to Federal Rule of Civil Procedure 56(c), Local Rule 56-1, and Paragraph 10(c)(i) of the Court's Initial Standing Order for Civil Cases, RSA Protective Technologies, LLC ("RSA") submits this Statement of Uncontroverted Facts and Conclusions of Law in support of its Motion for Partial Summary Judgment as to Infringement, Willful Infringement and Enhanced Damages.

## I.    STATEMENT OF UNCONTROVERTED FACTS

### A.    Plaintiff's Claim of Infringement of the '865 Patent Is Admitted By Delta

| Uncontroverted Material Fact | Citation |
|---|---|
| 1.  U.S. Patent No. 8,215,865 (the "'865 patent") issued on July 10, 2012. | Dkt. No. 1, p. 24. |
| 2.  On July 12, 2019, RSA filed a complaint against Delta Scientific Corporation ("Delta") alleging infringement of the '865 patent. | Dkt. No. 1. |
| 3.  RSA accused certain of Delta's shallow-mount bollard products (DSC600, DSC650, and DSC675) of infringing the '865 patent. | Dkt. No. 1, ¶ 22. Ex. 18,[1] Disclosure of Asserted Claims and Final Infringement Contentions, dated September 28, 2020, pp. 1-3. |
| 4.  Delta has been selling the accused products since approximately 2007-2008 | Ex. 19, 30(b)(6) Deposition of David Dickinson, President of Delta, September 30, 2020, Dep. Tr. 45:9-14. |

[1] "Ex. __ " refers to relevant excerpts of the indicated exhibits to the Declaration of Jessica Zafonte, submitted concurrently herewith.

| Uncontroverted Material Fact | Citation |
|---|---|
| when the DSC600 was introduced to the market, and Delta continues to sell the accused products to this day. | Ex. 20, DS00002605-2608. Ex. 21, 30(b)(6) Deposition of Gina Gile, Controller of Delta, September 17, 2020, Dep. Tr. 138:20-21, 139:8-10. |
| 5. Delta has never been licensed or authorized under the '865 patent. | Dkt. No. 1, ¶ 55. |
| 6. Delta has no defense of non-infringement.  During discovery Delta conceded that it will not contest infringement of the asserted claims if they are found to be valid and enforceable. | Ex. 22, Defendant Delta Scientific Corporation's Supplemental Responses to Plaintiff's First Set of Interrogatories, dated May 18, 2020, p. 4. |

**B.    There Is No Dispute As to Any Material Facts Related to Plaintiff's Claim of Willful Infringement of the '865 Patent, and the Award of Enhanced Damages and Attorney's Fees**

| Uncontroverted Material Fact | Citation |
|---|---|
| 7. U.S. Patent No. 8,215,865 (the "'865 patent") issued on July 10, 2012. | Dkt. No. 1, p. 24. |
| 8. On July 12, 2019, RSA filed a complaint against Delta Scientific Corporation ("Delta") alleging infringement of the '865 patent. | Dkt. No. 1. |

| Uncontroverted Material Fact | Citation |
|---|---|
| 9. RSA accused certain of Delta's shallow-mount bollard products (DSC600, DSC650, and DSC675) of infringing the '865 patent. | Dkt. No. 1, ¶ 22.<br>Ex. 18, pp. 1-3. |
| 10. Delta has been selling the accused products since approximately 2007-2008 when the DSC600 was introduced to the market, and Delta continues to sell the accused products to this day. | Ex. 19, Dickinson Dep. Tr. 45:9-14.<br>Ex. 20, DS00002605-2608.<br>Ex. 21, Gile Dep. Tr. 138:20-21, 139:8-10. |
| 11. Delta has never been licensed or authorized under the '865 patent. | Dkt. No. 1, ¶ 55. |
| 12. For Delta's infringement, RSA seeks damages adequate to compensate it. Specifically, RSA seeks a reasonable royalty. | Dkt. No. 1, ¶ 59, Prayer for Relief.<br>Ex. 23, Response to Defendant Delta Scientific Corporation's First Set of Interrogatories, dated June 17, 2020, pp. 9-10.<br>Ex. 24, Supplemental Response to Interrogatory No. 7 of Defendant Delta Scientific Corporation's First Set of Interrogatories, dated December 11, 2020, p. 3. |
| 13. ███████████████ ███████████████ | Ex. 25, Expert Report of Neil J. Beaton, dated October 12, 2020, ¶¶ 1-4. |

| Uncontroverted Material Fact | Citation |
|---|---|
| ██████████████ ████████████ ████ | |
| 14. ████████████ ██████████████ ████████████ ████ | Ex. 25, ¶¶ 23, 90, 93. |
| 15. RSA filed a series of provisional patent applications and a continuation patent application (that eventually issued as U.S. Patent No. 7,699,558 ("the '558 patent")) covering its shallow-mount bollard product and to which the '865 patent claims priority. | Dkt. No. 1, p. 24 ("Related U.S. Application Data"). |
| 16. On April 25, 2005, RSA filed one such provisional patent application, No. 60/674,965. | Ex. 73, Dickinson Dep. Ex. 10 (Provisional Patent Application No. 60/674,965, RSA-DELTA043814-44049), at RSA-DELTA043814. |

| Uncontroverted Material Fact | Citation |
|---|---|
| 17. The April 25, 2005 provisional patent application included the following image of RSA's shallow-mount bollard product:  | Ex. 73, at RSA-DELTA043846. |
| 18. The April 25, 2005 provisional patent application also included a February 4, 2005 listing of barrier products certified by the Department of State ("DOS") which identified RSA's shallow-mount bollards and a few Delta barrier products. | Ex. 73, at RSA-DELTA043840-42. |
| 19. Mr. Dickinson, Delta's President, agreed that the DOS certification would have been important competitive information for Delta to know. | Ex. 19, Dickinson Dep. Tr. 114:11-116:25. |
| 20. As evidenced by the DOS certification listing, by late 2004/early 2005, RSA's | Ex. 73, at RSA-DELTA043840-42. |

| Uncontroverted Material Fact | Citation |
|---|---|
| shallow-mount bollard product was already on the market. | |
| 21. In 2007-2008, Delta's DSC600 shallow-mount bollard came to market. | Ex. 19, Dickinson Dep. Tr. 45:9-14. |
| 22. Mr. David Dickinson is currently president and has been running Delta for the last twenty years while reporting to his father, Harry Dickinson, the former president. | Ex. 19, Dep. Tr. 39:12-15, 40:8-41:1. |
| 23. ███████████ | Ex. 19, Dep. Tr. 45:20-23, 48:1-7, 49:12-16. |
| 24. ███████████ | Ex. 19, Dep. Tr. 50:8-20, 53:12-16, 58:10-14, 59:9-60:13, 62:2-64:1; Ex. 32, Dickinson Dep. Ex. 3 (DS00000131-137). |

6

| Uncontroverted Material Fact | Citation |
|---|---|
| 25. ██████████████ ██████████████████ ██████████████ ████ | Ex. 19, Dep. Tr. 50:8-20, 53:12-16, 58:10-14, 59:9-60:13, 62:2-64:1; Ex. 32, Dickinson Dep. Ex. 3 (DS00000131-137). |
| 26. ████████████ ████████████████ ██████████████████ ██████████████████ ████████████████████ ██████████████████ ████████████████ ██████████████ | Ex. 19, Dep. Tr. 50:8-20, 53:12-16, 58:10-14, 59:9-60:13, 62:2-64:1; Ex. 32, Dickinson Dep. Ex. 3 (DS00000131-137). |
| 27. By August 2007, Delta announced the introduction of DSC600 into the marketplace with a press release. | Ex. 19, Dep. Tr. 91:24-92:4, 93:3-94:1; Ex. 33, Dickinson Dep. Ex. 7 (August 14, 2007 Press Release by Delta). |
| 28. Following the introduction of Delta's DSC600 into the market, on March 19, 2008, Delta filed a patent application identifying Harry Dickinson as the inventor and disclosing an invention intended to cover the DSC600 and DSC650 shallow-mount bollard products. | Ex. 19, Dep. Tr. 94:3-95:7, 97:16-25; Ex. 34, Dickinson Dep. Ex. 6 (Delta's shallow-mount bollard patent application, filed March 19, 2008, DS00000139-232). |

| Uncontroverted Material Fact | Citation |
|---|---|
| 29. Mr. David Dickinson was the 30(b)(6) witness on behalf of Delta regarding shallow-mount bollard inventions disclosed in patent applications filed by Delta. | Ex. 19, Dep. Tr. 37:15-39:10. |
| 30. Figures 1 and 2 of the Delta patent application were an embodiment of its shallow-mount bollard invention and similar to the drawing of the DSC600 product on Delta's website. | Ex. 19, Dep. Tr. 77:16-21, 98:2-24, 99:22-103:22; Ex. 34, at DS0000189-90; Ex. 71, Dickinson Dep. Ex. 2, at pp. 223, 228. |
| 31. During the prosecution of its patent application, in 2011, Delta submitted and the examiner considered an information disclosure statement ("IDS") that included as prior art RSA's '558 patent, to which the '865 patent is a continuation of and shares the same specification. | Ex. 35, Patent Application No. 12/077,425, DS00003739-4016, at DS00003749-57. |
| 32. In October 2010, Delta's patent attorney commissioned an invalidity study for the '558 patent which concluded that | Ex. 36, Invalidity Study of the '558 Patent, commissioned in 2010, DS00004052-54. |

| Uncontroverted Material Fact | Citation |
|---|---|
| "[t]here are several relevant references not cited in the prosecution of the 558' [sic] patent in question, however, none much better than those already cited.  I have also listed three references that are 'too recent' to be considered for invalidity, however, I included them to show the current state of the art." | |
| 33. The invalidity study included 404/6 as a field of search, which is the same U.S. classification as the '865 patent. | Ex. 36, DS00004052-54 at DS00004052; *See* Dkt. No. 1, p. 24 ("U.S. Cl."). |
| 34. Delta abandoned its patent application because "there was a lot of prior art." | Ex. 19, Dickinson Dep. Tr. 103:23-104:13. |
| 35. In June 2009, Delta became more aware of RSA, including a product brochure for a surface mount bollard indicating that patent protection was pending. | Ex. 19, Dep. Tr. 110:21-23, 112:15-114:9; Ex. 37, Dickinson Dep. Ex. 9 (DS00000354-360). |

| Uncontroverted Material Fact | Citation |
|---|---|
| 36. Mr. Dickinson did not know if Delta did any further investigation into RSA's patent portfolio at that time, but agreed that if he had been president of Delta then, Delta probably would have investigated. | Ex. 19, Dep. Tr. 110:21-23, 112:15-114:9; Ex. 37, Dickinson Dep. Ex. 9 (DS00000354-360). |
| 37. Mr. David Dickinson agreed when shown a picture of RSA's shallow-mount bollard, that it looked similar to Figures 1 and 2 of the Delta patent application for a shallow-mount bollard and Delta's DSC600 product. | Ex. 19, Dickinson Dep. Tr. 104:14-16, 105:23-106:20; Ex. 72, Dickinson Dep. Ex. 8. |
| 38. Mr. Dickinson also agreed that the picture of RSA's product from the April 25, 2005 provisional patent application was similar to the Delta product images. | Ex. 19, Dep. Tr. 114:11-125:3; Ex. 73, at RSA-DELTA043814, 43840-42, 846. |
| 39. Mr. Dickinson testified that it was plausible that Delta copied RSA's invention. | Ex. 19, Dep. Tr. 114:11-125:3; Ex. 73, at RSA-DELTA043814, 43840-42, 846. |
| 40. Mr. Dickinson testified on behalf of Delta regarding: (i) | Ex. 19, Dep. Tr. 37:15-39:10. |

| Uncontroverted Material Fact | Citation |
|---|---|
| Delta's awareness of RSA; (ii) Delta's awareness of the '865 patent; and (iii) shallow mount bollard inventions disclosed in patent applications filed by Delta. | |
| 41. As of July 1, 2010, RSA's patent application that led to the '865 patent and the patent applications to which it claims priority were published and publicly available. | Dkt. No. 1, p. 24 ("Prior Publication Data"). |
| 42. ███████████████████████ ███████████████████ ████████████████ ██████████ ██████████████ ████████████ ████████████████████ ███████████ ████ | Ex. 19, Dep. Tr. 128:3-15; Ex. 38, Dickinson Dep. Ex. 11 (DS00000365-387); Ex. 39, 30(b)(6) Deposition of Trent Barnes, Delta's In-house counsel, September 22, 2020, Dep. Tr. 34:24-35:8, 36:17-37:1, 39:8-18. |
| 43. Recognizing the importance of RSA's patents, immediately following receipt of the e-mail, Delta sought advice of patent counsel with respect to the '865 patent and patent counsel | Ex. 19, Dep. Tr. 135:10-137:4. |

| Uncontroverted Material Fact | Citation |
|---|---|
| provided Delta with a written response. | |
| 44. Neither evidence of the adequacy of the advice Delta sought, nor the response itself, has been produced or relied upon here. | |
| 45. In May 2019, Delta was served with a subpoena by SecureUSA related to a lawsuit against it by RSA and which requested information from Delta regarding prior art to the '865 patent.  Delta responded in June 2019 with only two patents issued to Darcy, which had been provided to Delta by outside counsel. | Ex. 19, Dickinson Dep. Tr. 137:14-16, 138:21-141:1, 143:5-146:5; Ex. 64, Dickinson Dep. Ex. 13 (June 3, 2019 Delta response to SecureUSA subpoena). |
| 46. In response to the subpoena from SecureUSA, Delta did not identify any of its own products, including DSC501, TT203, and DSC800, as prior art. | Ex. 19, Dickinson Dep. Tr. 137:14-16, 138:21-141:1, 143:5-146:5; Ex. 64, Dickinson Dep. Ex. 13 (June 3, 2019 Delta response to SecureUSA subpoena). |
| 47. Recognizing the importance of the RSA '865 patent, in view | Ex. 39, Barnes Dep. Tr. 29:5-23. |

| Uncontroverted Material Fact | Citation |
|---|---|
| of the subpoena, in-house counsel for Delta issued a litigation hold notice. | |
| 48. Delta took the approach of "wait and see," including not engaging patent counsel to further assess either infringement of or validity of the '865 patent. | Ex. 39, Barnes Dep. Tr. 40:12-41:18. |
| 49. SecureUSA filed two *inter partes* reviews ("IPR") at the USPTO challenging the validity of the '865 patent. By November 2019, however, the USPTO had denied institution of both SecureUSA's IPRs. | Ex. 41, Decision Denying Institution of *Inter Partes* Review, IPR2019-01162, dated Nov. 21, 2019.<br>Ex. 40, Decision Denying Institution of *Inter Partes* Review, IPR2019-01161, dated Nov. 21, 2019. |
| 50. Delta did not further seek patent counsel's advice about the '865 patent or take any proactive measures until Delta was sued itself by RSA. | Ex. 39, 30(b)(6) Deposition of Trent Barnes, In-house counsel for Delta, September 22, 2020, Dep. Tr. 41:24-43:23. |
| 51. As Delta's in-house counsel testified, Delta seems to have an acute misunderstanding of the presumption of validity that a U.S. patent holds, believing that the other failed | Ex. 39, Dep. Tr. 46:2-22. |

| Uncontroverted Material Fact | Citation |
|---|---|
| patent challenges did not reflect on the validity of the '865 patent because those had not been appealed. | |
| 52. Delta's misunderstanding of the presumption of validity that a U.S. patent holds exists today even though Delta is aware that two IPR petitions and their own re-examination were denied by the USPTO. | Ex. 19, Dickinson Dep. Tr. 149:7-150:2. |
| 53. On March 27, 2020, Delta filed an *ex parte* reexamination proceeding at the USPTO regarding the '865 patent. | Ex. 42, Request for Reexamination of U.S. Patent No. 8,215,865, pp. 1-2. |
| 54. Delta's initial invalidity contentions were served a few days after it filed the *ex parte* reexamination proceeding at the USPTO regarding the '865 patent and included the reference Turpin, as well as five (5) other references (Chen, Darcy, Hendrix, Einar, and Bruner) that Delta had asserted in the reexamination | Ex. 43, Defendant Delta Scientific Corporation's Preliminary Invalidity Contentions, dated April 3, 2020, p. 4. |

| Uncontroverted Material Fact | Citation |
|---|---|
| of the '865 patent pending at the USPTO. | |
| 55. On June 30, 2020, the USPTO denied Delta's reexamination concluding that "[t]he prior art of record does not teach a bollard structure" as claimed in the '865 patent. | Ex. 58, *Ex Parte* Reexamination Communication Transmittal Form, Statement of Reasons for Patentability and/or Confirmation, p. 2. |
| 56. The USPTO determined in Delta's reexamination proceeding that the '865 patent is patentable over that prior art. | Ex. 58, p. 2. |
| 57. On April 17, 2020, Delta filed a motion to add a counterclaim for a declaratory judgment of patent unenforceability due to inequitable conduct based upon alleged false representations to the USPTO related to one piece of prior art (Turpin). | Dkt. 41. |
| 58. On August 14, 2020, this Court denied Delta's motion to amend finding that "[u]nder the proper interpretation of this claim language, Delta has | Dkt. 74, p. 4. |

15

| Uncontroverted Material Fact | Citation |
|---|---|
| not proposed plausible allegations that Turpin is but-for material to the patentability of the asserted claims of the '865 Patent. On this ground alone, Delta's request for leave to amend would be futile." | |
| 59. Delta's October 29, 2020 S.P.R. 4.2 Final Invalidity Contentions still include the prior art references: Turpin, Darcy, Hendrix, Einar, and Bruner. | Ex. 45, Revised Final Invalidity Contentions, dated October 29, 2020, pp. 3, 4. |
| 60. Delta's Final Invalidity Contentions continue to include the Turpin reference that this court found not to be but-for material to patentability. | Ex. 45, p. 3. |
| 61. Turpin and Darcy were before the USPTO during prosecution of the '865 patent when it was issued as patentable. | Dkt. No. 1, p. 25 ("US Patent Documents"). |
| 62. Darcy, Hendrix, Einar, and Bruner were found immaterial by the USPTO during Delta's failed reexamination. | Ex. 58, p. 2. |

| Uncontroverted Material Fact | Citation |
|---|---|
| 63. With respect to Darcy, the USPTO found during Delta's reexamination that it wasn't even prior art as the '865 patent was entitled to a priority date earlier than Darcy. | Ex. 10, Order Granting Request for *Ex Parte* Reexamination, dated April 22, 2020, at pp. 8, 9. |
| 64. In its final invalidity contentions, Delta also relies upon three of its own non-shallow-mount barrier structures (DSC501, TT203, and DSC800). | Ex. 45, p. 4. |
| 65. Delta has no defense of non-infringement. During discovery Delta conceded that it will not contest infringement of the asserted claims if they are found to be valid and enforceable. | Ex. 22, p. 4. |
| 66. Delta first responded on May 7, 2020 to an interrogatory seeking Delta's contention of non-infringement that certain claim elements may not be present in the accused products. | Ex. 46, Defendant Delta Scientific Corporation's Responses to Plaintiff's First Set of Interrogatories, dated May 7, 2020, p. 4. |

| Uncontroverted Material Fact | Citation |
|---|---|
| 67. Then on May 18, 2020 Delta supplemented its interrogatory response to say that it will not contest infringement if the claims are found valid and enforceable. | Ex. 22, p. 4. |
| 68. Then on May 28, 2020 Delta supplemented its interrogatory response to clarify that a certain claim construction (that did not materialize) would render one claim non-infringed. | Ex. 47, Defendant Delta Scientific Corporation's Second Supplemental Responses to Plaintiff's First Set of Interrogatories, dated May 28, 2020, p. 5. |
| 69. Then on August 18, 2020 Delta supplemented its interrogatory response for the third time to withdraw its concession of non-infringement for various reasons. | Ex. 48, Delta Scientific Corporation's Third Supplemental Responses to Plaintiff's First Set of Interrogatories, dated August 18, 2020, pp. 5, 6. |
| 70. Finally on August 21, 2020 Delta withdrew its third supplemental interrogatory response thereby reinstituting Delta's concession of infringement. | Ex. 44, Delta Scientific Corporation's Third Supplemental Responses to Plaintiff's First Set of Interrogatories, dated August 21, 2020, p. 5. |

| Uncontroverted Material Fact | Citation |
|---|---|
| 71. Delta's President claims that the following statement is accurate: "For many applications, [other Delta products sold since the 1990s] could have been used as-is or *easily modified* to compete with designs covered by the '865 patent.  Delta estimates that the cost of designing any such modified design and obtaining certification would be ██████████ | Ex. 30, Luna Dep. Tr. 120:15-23; Ex. 70, Luna Dep. Ex. 7 (LUNA00000006). |
| 72. Delta has failed to make those easy modifications and has chosen instead to market the DSC600, 650 and 675 since 2007-2008 and infringe the '865 patent. | Ex. 30, Deposition of Barbara Luna, December 16, 2020, Dep. Tr. 120:15-23; Ex. 70, Luna Dep. Ex. 7 (LUNA00000006). |
| 73. On December 14, 2020, Delta filed a motion seeking to add a claim of inequitable conduct surrounding the revival of RSA's first patent application filed in 2005 of which the '865 patent is a continuation and based solely on the alleged | Dkt. No. 90. |

19

| Uncontroverted Material Fact | Citation |
|---|---|
| acts of a patent attorney, Mr. Gealow, that represented RSA at the time. | |
| 74. Delta's motion is baseless and accuses Mr. Gealow, a patent attorney for over 50 years with a flawless record, of wrongdoing, when in fact, he did nothing wrong and each of his actions were in plain sight of the patent office | Dkt. No. 93. |
| 75. Delta failed to properly prepare Mr. Trent Barnes regarding several 30(b)(6) deposition topics for which RSA then had to depose Mr. Dickinson about, and Delta failed to properly prepare Ms. Gina Gile about many 30(b)(6) deposition topics resulting in a second deposition of Mr. Keith Bobrosky to cover the same material. | Declaration of Jessica Zafonte, submitted concurrently herewith, ¶ 4. |

## II.    CONCLUSIONS OF LAW

### A.    Plaintiff's Claim of Infringement of the '865 Patent Is Admitted By Delta

1. As Delta admits infringement of the '865 patent, was not, and has never been, authorized under the '865 patent, and Delta's accused products have been on sale since the time the '865 patent issued on July 10, 2012, Delta infringed and continues to infringe the '865 patent. 35 U.S.C. § 271(a).

2. Thus, there is no genuine dispute as to any material fact and RSA should be granted partial summary judgment that Delta's DSC600, DSC650, and DSC675 products infringe the '865 patent. *See* Fed. R. Civ. P. 56(a); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986); *Celotex Corp. v. Catrett*, 477 U.S. 317, 323-324 (1986).

### B.    There Is No Dispute As to Any Material Facts Related to Plaintiff's Claim of Willful Infringement of the '865 Patent, and the Award of Enhanced Damages and Attorney's Fees

3. There is no question that Delta has not produced any evidence of independent development of its DSC600 product, which Delta admits is a similar design to RSA's shallow-mount bollard product, and Delta admits it is plausible that it copied RSA's patented product, thus Delta willfully infringed the '865 patent. *See Polara Eng'g Inc. v. Campbell Co.*, 894 F.3d 1339, 1353-1355 (Fed. Cir. 2018); *L.A. Gear, Inc. v. Thom McAn Shoe Co.*, 988 F.2d 1117, 1126-27 (Fed. Cir. 1993); *Kaufman Co. v. Lantech, Inc.*, 807 F.2d 970, 978-79 (Fed. Cir. 1986); *Apple Inc. v. Samsung Elecs. Co.*, 258 F. Supp. 3d 1013, 1027-30 (N.D. Cal. 2017).

4. There is no dispute that Delta was aware of the '865 patent by at least 2018, prior to this lawsuit being filed, and aware of the parent patent to the '865 patent in 2010, thus Delta willfully infringed the '865 patent. *See Apple Inc. v. Samsung Elecs. Co.*, 258 F. Supp. 3d 1013, 1024 (N.D. Cal. 2017); *WBIP, LLC v. Kohler Co.*, 829 F.3d 1317, 1339-1342 (Fed. Cir. 2016); *Shiley, Inc.*

21

*v. Bentley Labs, Inc.*, 794 F.2d 1561, 1567-68 (Fed. Cir. 1986) (rejecting argument "that a finding of willful infringement can not stand whenever manufacture of an accused device begins prior to the issuance of a patent").

5.   There is no dispute that Delta has not produced evidence of a good-faith belief of non-infringement or invalidity at any point in time, including when it first infringed the '865 patent or when it became aware of the '865 patent, thus Delta willfully infringed the '865 patent. *See Kaufman Co. v. Lantech, Inc.*, 807 F.2d 970, 978-79 (Fed. Cir. 1986); *Juno Therapeutics, Inc. v. Kite Pharma, Inc.*, CA No. 2:17-cv-07639, 2020 U.S. Dist. LEXIS 83014, at *18-19, 25 (C.D. Cal. April 2, 2020); *L.A. Gear, Inc. v. Thom McAn Shoe Co.*, 988 F.2d 1117, 1126-27 (Fed. Cir. 1993); *Polara Eng'g Inc. v. Campbell Co.*, 894 F.3d 1339, 1353-1355 (Fed. Cir. 2018).

6.   It is not disputed that Delta claims to have an easy solution to modify certain of its current products to be competitive non-infringing alternatives of RSA's patented product, and that the modification could have been done at any point since Delta began marketing the DSC600 in 2007, but Delta has not done so, thus Delta willfully infringed the '865 patent. *See Apple Inc. v. Samsung Elecs. Co.*, 258 F. Supp. 3d 1013, 1027-30 (N.D. Cal. 2017).

7.   As Delta (i) seemingly copied RSA's patented invention, (ii) had knowledge of the '865 patent pre-lawsuit filing, (iii) failed to produce evidence of a good-faith belief of non-infringement or invalidity, and (iv) failed to "easily modify" to a non-infringing alternative since at least the '865 patent issued, Delta's behavior was egregious and Delta willfully infringed the '865 patent. *See Hoechst Celanese Corp. v. BP Chems. Ltd.*, 78 F.3d 1575, 1583 (Fed. Cir. 1996); *SRI Int'l, Inc. v. Cisco Sys.*, 930 F.3d 1295, 1308 (Fed. Cir. 2019); *Kaufman Co. v. Lantech, Inc.*, 807 F.2d 970, 978-79 (Fed. Cir. 1986); *Apple Inc. v. Samsung Elecs. Co.*, 258 F. Supp. 3d 1013, 1027 (N.D. Cal. 2017).

8. Thus, there is no genuine dispute as to any material fact and RSA should be granted partial summary judgment that Delta willfully infringed the '865 patent. *See* Fed. R. Civ. P. 56(a); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986); *Celotex Corp. v. Catrett*, 477 U.S. 317, 323-324 (1986).

9. There is no dispute that Delta was aware of the '865 patent by at least 2018, prior to this lawsuit being filed, and aware of the parent patent to the '865 patent in 2010, thus Delta willfully infringed the '865 patent and damages should be enhanced. *See Apple Inc. v. Samsung Elecs. Co.*, 258 F. Supp. 3d 1013, 1024 (N.D. Cal. 2017) (citing *WBIP, LLC v. Kohler Co.*, 829 F.3d 1317, 1341 (Fed. Cir. 2016)); *Advanced Cardiovascular Sys. v. Medtronic, Inc.*, CA No. C-95-03577, 2000 U.S. Dist. LEXIS 22648, at *25-27 (N.D. Cal. March 31, 2000).

10. There is no question that Delta has not produced any evidence of independent development of its DSC600 product, which Delta admits is a similar design to RSA's shallow-mount bollard product, and Delta admits it is plausible that it copied RSA's patented product, thus damages should be enhanced. *See Juno Therapeutics, Inc. v. Kite Pharma, Inc.*, CA No. 2:17-cv-07639, 2020 U.S. Dist. LEXIS 83014, at *19-20, 22-23 (C.D. Cal. April 2, 2020); *Read Corp. v. Portec, Inc.*, 970 F.2d 816, 826-27 (Fed. Cir. 1992); *Barry v. Medtronic, Inc.*, 250 F. Supp. 3d 107, 112-115 (E.D. Tex. 2017).

11. There is no dispute that Delta has not produced evidence of the adequacy of any investigation and advice it received from counsel regarding non-infringement and invalidity of the '865 patent or of a good-faith belief of non-infringement or invalidity at any point, including when it became aware of the '865 patent. Plus, Delta concedes infringement and maintains frivolous invalidity defenses, thus damages should be enhanced. *See Juno Therapeutics, Inc. v. Kite Pharma, Inc.*, CA No. 2:17-cv-07639, 2020 U.S. Dist. LEXIS 83014, at *25-27 (C.D. Cal. April 2, 2020); *Barry v. Medtronic,*

23

*Inc.*, 250 F. Supp. 3d 107, 115-116 (E.D. Tex. 2017); *Apple Inc. v. Samsung Elecs. Co.*, 258 F. Supp. 3d 1013, 1032 (N.D. Cal. 2017).

12. There is no dispute that Delta has filed two baseless motions to amend and failed to properly prepare two 30(b)(6) witnesses, amounting to bad litigation conduct, thus damages should be enhanced. *See Read Corp. v. Portec, Inc.*, 970 F.2d 816, 826-27 (Fed. Cir. 1992).

13. It is not disputed that Delta claims to have an easy solution to modify certain of its current products to be competitive non-infringing alternatives to RSA's patented product, and that the modification could have been done at any point since Delta began marketing the DSC600 in 2007, but Delta has not done so and continues to sell the infringing products, thus damages should be enhanced. *See Apple Inc. v. Samsung Elecs. Co.*, 258 F. Supp. 3d 1013, 1030-33 (N.D. Cal. 2017); *Juno Therapeutics, Inc. v. Kite Pharma, Inc.*, CA No. 2:17-cv-07639, 2020 U.S. Dist. LEXIS 83014, at *37-38 (C.D. Cal. April 2, 2020).

14. Delta acted egregiously and the damages awarded to RSA should be enhanced. *See* 35 U.S.C. § 284; *Halo Elecs., Inc. v. Pulse Elecs., Inc.*, 136 S. Ct. 1923, 1926-27, 31-34 (2016); *Read Corp. v. Portec, Inc.*, 970 F.2d 816, 826-27 (Fed. Cir. 1992); *Juno Therapeutics, Inc. v. Kite Pharma, Inc.*, CA No. 2:17-cv-07639, 2020 U.S. Dist. LEXIS 83014, at *6-7 (C.D. Cal. April 2, 2020).

15. Delta's conduct—plausible copying of RSA's commercial embodiment, awareness of the '865 patent and continued sale of accused products, failure to provide evidence of an adequate investigation or a good-faith non-infringement or invalidity defense, admission of infringement, maintenance of already-failed invalidity positions in the face of a patent that withstood two IPRs and a reexamination, allegation of an "easily modified" design around that was not implemented, and bad litigation conduct—was

unreasonable, thus this case is exceptional and attorney's fees should be awarded to RSA. *See* 35 U.S.C. § 285; *Octane Fitness, LLC v. ICON Health & Fitness, Inc.*, 572 U.S. 545, 554, 557 (2014).

Dated: January 19, 2021                    /s/ Ashe P. Puri

                                Sasha G. Rao (SBN 244303)
                                srao@maynardcooper.com
                                MAYNARD COOPER & GALE, LLP
                                600 Montgomery Street, Suite 2600
                                San Francisco, CA 94111
                                Telephone: (415) 646-4702

                                Ashe Puri (SBN 297814)
                                apuri@maynardcooper.com
                                MAYNARD COOPER & GALE, LLP
                                1925 Century Park East, Suite 1700
                                Los Angeles, CA 90067
                                Telephone: (310) 596-4344

                                Joseph V. Saphia (admitted *pro hac vice*)
                                JSaphia@haugpartners.com
                                Jessica H. Zafonte (admitted *pro hac vice*)
                                JZafonte@haugpartners.com
                                Laura A. Chubb (admitted *pro hac vice*)
                                LChubb@haugpartners.com
                                HAUG PARTNERS LLP
                                745 Fifth Avenue
                                New York, New York 10151
                                Telephone: (212) 588-0800
                                Facsimile: (212) 588-0500

                                *Attorneys for Plaintiff*
                                *RSA Protective Technologies, LLC*

**CERTIFICATE OF SERVICE**

      The undersigned hereby certifies that the foregoing document was filed via CM/ECF on January 19, 2021 and was served upon all counsel of record via CM/ECF.


<u>/s/ Ashe P. Puri</u>

Ashe P. Puri