**DAVID A. DILLARD, CA Bar No. 97515**
ddillard@lrrc.com
**CONSTANTINE MARANTIDIS, CA Bar No. 173318**
cmarantidis@lrrc.com
**SAMI I. SCHILLY, CA Bar No. 301653**
sschilly@lrrc.com
**LEWIS ROCA ROTHGERBER CHRISTIE LLP**
**655 N. Central Avenue, Suite 2300**
**Glendale, CA 91203-1445**
**Telephone: (626) 795-9900**
**Facsimile: (626) 577-8800**

Attorneys for Defendant
**DELTA SCIENTIFIC CORPORATION**

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| RSA PROTECTIVE TECHNOLOGIES, LLC,<br><br>Plaintiffs,<br><br>vs.<br><br>DELTA SCIENTIFIC CORPORATION,<br><br>Defendant. | Case No. 2:19-cv-06024 JAK (PLAx)<br><br>**DEFENDANT DELTA SCIENTIFIC CORPORATION'S OPPOSITION TO PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT OF PATENT VALIDITY AS TO WRITTEN DESCRIPTION AND CLAIM DEFINITENESS (DKT. NO. 99)**<br><br>DATE:   May 17, 2021<br>TIME:   8:30 AM<br>CTRM:   10B<br><br>Hon. John A. Kronstadt |

# TABLE OF CONTENTS

**Page**

I.   THE CLAIMS OF '865 PATENT CLAIMS ARE INDEFINITE .................. 1

   A.   Introduction .................................................................................. 1

   B.   Argument ..................................................................................... 2

      1.   Definiteness Requires Guidance about the Conditions Under Which "Resisting Rotation" is Determined ............................................. 2

      2.   The Parties Agree that Speed and Weight of the Impacting Vehicle Must be Known ............................................. 4

      3.   RSA Proposes Three Contradictory Tests for Determining Resistance to Rotation ............................................. 6

      4.   RSA Impermissibly Relies on the Court's Tentative Markman Order ... 9

   C.   Conclusion as to Indefiniteness ................................................... 9

II.  THE CLAIMS OF THE '865 PATENT ARE INVALID FOR LACK OF WRITTEN DESCRIPTION ................................................................. 10

   A.   Introduction ................................................................................ 10

   B.   Argument ................................................................................... 11

      1.   Legal Standards re Written Description ................................ 11

      2.   RSA Added the Claim Limitation at Issue During Prosecution without Proper Support ............................................. 12

      3.   The Remainder of the Specification Does Not Support the Amendment to the claims ............................................. 13

   C.   Sufficient Resistance to Rotation is Not an Inherent Property of the Bollard Structures of the '865 Patent ............................................. 15

   D.   Conclusion ................................................................................. 15

113479346.3

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Ariad Pharms., Inc., v. Eli Lilly & Co.*,
598 F.3d 1336 (Fed. Cir. 2010) (*en banc*)......................................................... 11

*Enzo Biochem, Inc. v. Gen-Probe, Inc.*,
323 F.3d 956 (Fed. Cir. 2002) ............................................................................ 11

*Nautilus, Inc. v Biosig Instruments Inc.*,
572 US 898 (2014) ............................................................................................... 2

*Nevro Corp. v. Bos. Sci. Corp.*,
955 F.3d 35 (Fed. Cir. 2020) ............................................................................... 3

*New Railhead Mfg., LLC v. Vermeer Mfg. Co.*,
298 F.3d 1290 (Fed. Cir. 2002) ......................................................................... 11

*PowerOasis, Inc. v. T-Mobile USA, Inc.*,
522 F.3d 1299 (Fed. Cir. 2008) ......................................................................... 12

*Vasudevan Software, Inc. v. MicroStrategy, Inc.*,
782 F.3d 671 (Fed. Cir. 2015) ........................................................................... 12

**Statutes**

35 U.S.C. § 112, ¶ 1 ................................................................................................ 11

# I. THE CLAIMS OF '865 PATENT CLAIMS ARE INDEFINITE

## A. INTRODUCTION

The issue of indefiniteness is the subject of cross-motions for summary judgment by the parties. A finding of indefiniteness is warranted and would invalidate all claims of the '865 patent, rendering all other summary judgment and *Daubert* motions moot.

The claim language in question is contained in the last paragraph of the three independent claims 1, 16 and 33 which reads:

> "wherein the at least one first structural member or the at least one structural member or both are configured or tied together to retain within the base supporting media introduced into the base when the base is mounted in the excavation **such that the rotation is resisted of a bollard or bollards and the base from an impact against the bollard or bollards**." (SAF[1] 42)

As discussed further below, RSA throughout its motion asserts that the claims include other limitations. *See, e.g.*, Dkt. No. 99-1 at 6 of 20 lns. 16-20 ("The independent claims require … that at least one [sic] must be configured to retain supporting media, such as concrete, which *facilitates the bollard structure resisting rotation upon being rammed by a vehicle*.") (emphasis added). While claims are read in light of the specification, RSA chose language that characterizes the claim limitations, such as "facilitates" rather than "such that" and "being rammed" instead of "impact" in defining the metes and bounds of its invention. RSA now seeks to impermissibly read in other limitations, e.g., suggesting incorrectly that the claims are limited to passive structures, in an attempt to avoid a finding of

---

[1] References to the "SAF" herein are to Delta Scientific Corporation's Statement of Additional Facts re RSA's Motion for Summary Judgment of Patent Validity As To Written Description and Indefiniteness (Dkt. No. 99), submitted herewith.

-1-

invalidity. The claims say what they say, and RSA cannot now inject other limitations into the claims.

Delta's motion should be granted and RSA's motion denied because the claim requirement "such that the rotation is resisted of a bollard or bollards and the base from an impact against the bollard or bollards" "fail[s] to inform, with reasonable certainty, those skilled in the art about the scope of the invention." *Nautilus, Inc. v Biosig Instruments Inc.*, 572 US 898, 901 (2014).

### B. Argument

#### 1. Definiteness Requires Guidance about the Conditions Under Which "Resisting Rotation" is Determined

The language at issue provides no specifics or any guidance as to the conditions under which the "resisting rotation" requirement should be determined. The impact against the bollards result from a moving vehicle colliding against the bollards. (SAF 43) The impact force is dependent on the speed and weight of a moving vehicle. (SAF 44) The greater the speed, the greater the impact force. (SAF 45) The greater the weight, the greater the impact force. (SAF 46) The '865 patent is silent as to what speed and weight of the moving vehicle should be used to determine whether the "resistance to rotation" requirement is determined. (SAF 47) Without guidance as to these variables, speed and weight, a third-party cannot determine if a particular bollard structure will infringe or not. Both parties' experts Dr. Eskandarian and Mr. Peraza agree that a particular bollard structure may resist rotation from a relatively low collision force, but may be unable to resist rotation by a greater collision force. (SAF 48)

The impact force can't be "any force." If the force could be "any force" it would include near zero forces which would render the "resisting rotation" limitation meaningless. The specification indicates that there are bollard systems of the invention that are insufficiently resistive to rotation. (SAF 49) ("The bollard system of this invention does not lend itself to the installation of a single bollard,

-2-

113479346.3

since without an extended base or pad, there is not sufficient resistance to stop the rotation of the pipe bollard.") This means that the impact force, at least in this test, was such that it could not be resisted. The specification however, fails to provide any of the specifics of the test conditions. There are clearly some instances where there is "sufficient" resistance and some where there is not. The '865 Patent is entirely devoid of an explanation as to how to determine what structures are covered by this claim limitation and which are not.

RSA cites to *Nevro Corp. v. Bos. Sci. Corp.*, 955 F.3d 35, 39 (Fed. Cir. 2020) for the proposition that "functional language can 'promote[] definiteness because it helps bound the scope of the claims by specifying the operations that the [claimed invention] must undertake'" and that "ambiguity inherent in functional terms may be resolved where the patent 'provides a general guideline and examples sufficient to enable a person of ordinary skill in the art to determine the scope of the claims.'" Dkt. 99-1 at 8 of 20, lines 5-11. In *Nevro Corp*, the court found that the patent was not indefinite because the specification gave specific numbers to provide a finite range for what is considered to be within the scope of the patent's claim:

> "The specification teaches how to generate and deliver the claimed signals using the recited parameters. For example, the specifications of the Alataris patents describe a study comparing the effects of conventional signals and the effects of the claimed therapy signals. To achieve paresthesia-free therapy signals, the specifications teach using 'therapeutic signals at a frequency of from about 3 kHz to about 10 kHz' and amplitudes ranging 'from about 1 mA to about 4 mA (normally about 2.5 mA).' '533 patent at 6:51–7:5." *Id.*

This is the exact sort of specificity that is absent from the '865 Patent, which renders the claims of the '865 Patent indefinite. Do the claims require the bollard resist rotation of the bollard(s) and base from an impact against the bollard(s) created by a 15-ton vehicle traveling at 60 miles an hour? What about a 2-ton vehicle traveling at 30 miles an hour? The specification does not say or provide any guidance. Delta and Dr. Eskandarian do not suggest that the claims are

-3-

113479346.3

indefinite because they fail to specify which crash test must be met, as RSA argues. But when RSA chose to claim a performance metric tied to "an impact" without providing any guidance as to how that performance metric is measured or what sort of impact is imparted, RSA injected uncertainty into the claims that is not cured anywhere in the specification or the claims. This renders the claims indefinite.

### 2. The Parties Agree that Speed and Weight of the Impacting Vehicle Must be Known

The parties agree that to determine whether a particular bollard structure would exhibit resistance to rotation from an impact against the bollard, one would need to know the collision parameters, such as the speed and weight of the colliding vehicle. For example, Rick Adler, RSA's President, owner and co-inventor named on the '865 patent testified:

> Q. So, Mr. Adler, to determine if the ball and base of a -- excuse me -- the bollard and base of a particular structure would resist rotation, would you need to know the parameters of the collision, such as speed and weight of the vehicle?
>
> A. Absolutely. That is -- and the angle of attack.

(SAF 50)

Mr. Adler's co-inventor John Crawford testified:

> Q. With respect to the RSA bollard structure that you designed, would it be the case that rotation of the bollard in a crash scenario would depend at least in part on the speed and weight of the vehicle?
>
> …
>
> A. Yes. I should say usually. You can have a crappy design that rotates under any impact.

(SAF 51) (objections omitted)

RSA's expert Mr. Peraza agrees that resistance to rotation can be determined based on vehicle weight and speed (SAF 52):

-4-

113479346.3

Q. How is resistance to rotation measured?

A. Resistance to rotation is -- well, it's -- it's a -- it's a property of the structure itself. You could determine how much rotation it would experience based on vehicle weight and speed. You could determine it either by calculation or by test.

Q. So if I understand you, the -- the amount of rotation would be dependent on the collision force?

…

Would it be -- would the amount of rotation be dependent upon the force of impact against the bollard?

A. The amount it experiences that -- yes, that is one of the factors that would influence it.

Q. Okay. And the amount of the force on the bollard -- or excuse me. The amount of the impact force on the bollard would be dependent on the weight of the vehicle, the speed of the vehicle; is that correct?

A. Those and other factors, yes.

Q. What are some of the other factors?

A. Another factor would be the -- the rigidity of the vehicle that's impacting it.

Q. Anything else?

A. Also the angle at which the vehicle is impacting it.

Q. Anything else?

A. Those are the main ones that I can think of at the moment.

(SAF 53) (objection omitted).

There is no dispute that when the independent claims were amended to introduce the subject claim language, RSA introduced a performance variable into the claims. The speed and weight of the impacting vehicle must be known to

-5-

113479346.3

determine how the system will perform. Without this information, the scope of the claims is unclear.

### 3. RSA Proposes Three Contradictory Tests for Determining Resistance to Rotation

Recognizing that the '865 Patent has no disclosure explaining the conditions, including speed and weight of the impacting vehicle, for determining whether a bollard structure meets the "resisting rotation" limitation of the claims, RSA argues there are three tests, which do not require the speed and weight of the impacting vehicle, for determining whether a bollard structure meets the "resisting rotation" limitation of the claims. These tests are confusing, contradictory, unhelpful to a third party and demonstrate the lack of definiteness of the claims.

**Test 1:**

> In his opinion, a PHOSITA would understand that "resisting rotation" requires satisfying three conditions: 1) that the entire bollard structure as a whole not rotate upon impact, 2) that the bollard not yield, deform, or fail upon impact, 3) that the base not yield, deform, or fail upon impact. (Ex. 11, Peraza Rebuttal Report at ¶ 48).

(Dkt. 99-1 (RSA Op. Br.) at p. 12 of 20, lines 21-24.

Mr. Peraza did not cite to any portion of the '865 Patent specification or the claims for this opinion. According to this test, "resisting rotation" requires that the bollard and base be exactly the same after an impact as before. It says nothing about the magnitude of the impact. So, if you want to test to see if a bollard structure meets this test, what impact force should you use? Who decides?

Moreover, the claims do not discuss "yield," "deform[ation]," or "fail[ure]" of the bollard or the base. RSA chose to amend its claims in the way that it did, and did not elect to claim resistance to deformation or avoiding yielding or failure. And again, these are terms of degree. Under this test, if the bollard and base do not rotate, but the base deforms (for example, chunks of concrete are removed), did it pass or fail? Similarly, if the bollard bends, but does not break, did the structure

-6-

113479346.3

1 pass or fail? If the bollard bends at the point of impact (i.e., rotates at some point
2 above the point of intersection with the base), did the structure pass or fail this test?
3 **Test 2:**
4 This test, reflected in the two excerpts below from RSA's Motion, turns on
5 whether or not the striking vehicle "breaches the system."
6     According to Mr. Peraza, a PHOSITA would recognize that if the bollard
7     base rotated, the vehicle would undoubtedly "<u>breach the system</u>." (Ex. 11,
8     Peraza Rebuttal Report at ¶¶ 50-1).
9 Dkt. 99-1, p. 12 of 20 at lines 3-5.
10     Mr. Peraza also opines that a PHOSITA would know from reading the '865
11     specification that if a bollard structure provides "resistance to rotation," it
12     means that the striking vehicle does not "<u>breach the system</u>" and that the
13     system works as a result of its structure and the physics involved. (Ex. 11,
14     Peraza Rebuttal Report at ¶ 56, citing Ex. 1, '865 at 2:60-64; 3:39-52; 5:47-
15     9:3; 2:41-54; 2:65-3:20; 3:65-4:14; 4:25-29). Therefore, a system that does
16     not have sufficient resistance to rotation, would be a system that would be
17     <u>breached</u>. (Ex. 12, Peraza Dep. Tr. at 73:1-14).
18 Dkt. 99-1, p. 15 of 20 at lines 2-9.
19     Under this second test, an impact may experience significant rotation and
20 deformation of the bollard structure and still be considered to meet the "resisting
21 rotation" requirement as long as the colliding vehicle didn't result in a breach (the
22 scope of which is yet again undefined). The claims refer to resisting rotation, not
23 to breach. (SAF 54) RSA chose its claim language and cannot now rewrite its
24 claims to cure fatal defects. Resisting rotation is not the same as a breach. (SAF
25 55) A bollard or bollard and base may rotate to some degree while not allowing or
26 at least limiting vehicle penetration. (SAF 56) And again, there is still no guidance
27 as to the magnitude of the impact.
28

-7-

113479346.3

**Test 3**

When asked whether there was some standard for determining whether the "resisting rotation" limitation was met or not, Mr. Peraza testified that:

> [An] engineer would – would interpret that to mean that number one, there is no overall rotation of the entire unit, comes out of the ground for instance. And number two, there is no failure of any component of the unit. Any shall we say permanent deformation, for example, would be a type of failure. So as long as it doesn't overturn as a unit and as long as there's no failure of an individual component, the bollard for example, then it has resisted rotation. (Ex. 12, Peraza Dep. Tr. at 58:22-59:6). (Dkt. 100-4, p. 85 of 231 (Peraza Depo) at 58:22-59:6)

Dkt. 99-1 at pp. 15-16 of 20 at 10: 20 -11:2

Whether the entire bollard structure is overturned from the impact is not a standard that is disclosed or suggested in the '865 patent. (SAF 57) With this third test, as long as the entire unit does not come out of the ground, i.e., overturns, and there is no failure of an individual component, e.g., no failure of the bollard, the "resisting rotation" limitation is met. Again, there is no guidance as to the magnitude of the impact force.

This test also highlights another issue of indefiniteness, which is how much rotation can occur from the impact and still meet the requirement for "resisting rotation." The specification and claims of the '865 patent are silent on this issue. (SAF 58) RSA seeks to fill the gaping holes in its disclosure and claims through Mr. Peraza's testimony, but instead highlights the issues in defining the boundaries of its claims.

The plurality of tests posited by RSA and Mr. Peraza make clear that the disputed claim term is indefinite. Mr. Peraza provides various additional tests, which still fail to provide any guidance as to the scope of the claims, and which

-8-

now create multiple moving targets in determining whether a structure meets the limitation or does not. Moreover, the fact witness testimony cited by RSA introduces even more ambiguity. For example, RSA cites to testimony of Mr. Crawford that "the whole point is you don't allow it to rotate more than a little bit." (Dkt. 100-4 at p. 125 of 231, Crawford Depo at 107:21-23) What is "rotat[ion] more than a little bit"? RSA claims that Mr. Crawford's testimony shows that he understood the scope of the claim, but this would seem to fail Mr. Peraza's Tests 1 and 3 (but presumably pass Test 2). Is "a little bit" of rotation permissible? How much is a "little bit?" Each attempt at clarifying the claim language just creates more ambiguity. Which is unsurprising, as there is no disclosure in the '865 Patent that conclusively answers any of these questions.

### 4. RSA Impermissibly Relies on the Court's Tentative Markman Order

At pages 17-18 of 20 (Dkt. 99-1), RSA relies on this Court's Tentative Markman Order and surprisingly includes it as a public exhibit to its briefing despite the Court's clear directive at the top of each page of the document stating "TENTATIVE VIEWS – NOT TO BE COPIED OR REDISTRIBUTED." Dkt. No. 100-4 at 133 of 231. In complete disregard of the Court's clear directive, RSA has made this document part of a public filing (copying and publicly distributing the Court's document without authorization), and provided it to Mr. Peraza. Moreover, at claim construction, the parties were not arguing definiteness of this claim term, nor was the full claim term at issue being construed.

### C. Conclusion as to Indefiniteness

As set forth in Delta's Motion for Summary Judgment, the undisputed facts establish that the claims of the '865 patent are indefinite. RSA's cross-motion does not establish any genuine dispute of material fact to the contrary. The evidence and arguments presented by RSA establish that there is no triable issue of fact, that the claims of the '865 Patent are indefinite, and summary judgment in favor of

-9-

113479346.3

Delta is warranted. A finding of indefiniteness would invalidate all claims of the '865 patent.

## II. THE CLAIMS OF THE '865 PATENT ARE INVALID FOR LACK OF WRITTEN DESCRIPTION

### A. Introduction

The issue of whether the '865 Patent provides full support for its claims is also the subject of cross-motions for summary judgment. Like the issue of indefiniteness, a finding of lack of written description is warranted. Such a finding would invalidate all claims of the '865 patent, rendering all other summary judgment and Daubert motions moot.

The specification of the '865 patent describes resisting rotation of the bollard or bollards, not of rotation of the bollard or bollards and the base. (SAF 59) Hence, the claim limitation "such that rotation is resisted of a bollard or bollards and the base from an impact against the bollard or bollards" is not supported by the specification and the Asserted Claims of the '865 Patent.

The specification of the '865 patent makes it clear that the rotation being resisted is that of the bollard relative to the base, not rotation of the bollard and base. For example, at Col. 3, lines 5-8, the '865 Patent states:

> "The bollard system of this invention is able to become more shallow (14″ to 6.5″ to 3″) by controlling the compliance supplied by the foundation *to resist the rotation at the base of the bollard*."

(SAF 60) (emphasis added)

The "base of the bollard" is at the top of the trench, where the bottom of the bollard meets the foundation pad or "base". (SAF 61) Hence, "rotation at the base of the bollard" means that the axis of rotation is at the juncture of the bollard and pad base. (SAF 62) In turn, this means that the rotation is of the bollard, not the base (pad). (SAF 63) If the base (pad) were to rotate, the axis of rotation would be at the top of the back wall, not at the base of the

-10-

113479346.3

1  bollard. (SAF 64)

2  Nowhere in the specification is a disclosure or reference to "rotation of the base" or "resisting rotation of the bollard <u>and the base</u>." (SAF 59) The specification should not now be rewritten to add such a disclosure.

### B. Argument

#### 1. Legal Standards re Written Description

The written description requirement contained in 35 U.S.C. § 112, ¶ 1 (pre-AIA) requires that the specification "clearly allow persons of ordinary skill in the art to recognize that [the inventor] invented what is claimed." *Ariad Pharms., Inc., v. Eli Lilly & Co.*, 598 F.3d 1336, 1351 (Fed. Cir. 2010) (*en banc*) (modifications in original). "In other words, the test for sufficiency is whether the disclosure of the application relied upon reasonably conveys to those skilled in the art that the inventor had possession of the claimed subject matter as of the filing date." *Id.* "[T]he written description requirement is satisfied by the patentee's disclosure of such descriptive means as words, structures, figures, diagrams, formulas, etc. that fully set forth the claimed invention." *Enzo Biochem, Inc. v. Gen-Probe, Inc.*, 323 F.3d 956, 969 (Fed. Cir. 2002) (internal quotation marks omitted). "The adequacy of the written description (*i.e.*, the disclosure) is measured from the face of the application; the requirement is not satisfied if one of ordinary skill in the art must first make the patented invention before he can ascertain the claimed features of that invention." *New Railhead Mfg., LLC v. Vermeer Mfg. Co.*, 298 F.3d 1290, 1295 (Fed. Cir. 2002). "[T]he purpose of the written description requirement is to 'ensure that the scope of the right to exclude, as set forth in the claims, does not overreach the scope of the inventor's contribution to the field of art as described in the patent specification." *Ariad Pharms.*, 598 F.3d at 1353-54 (internal quotation marks omitted).

The written description inquiry is a question of fact. *See Ariad Pharms.*, 598 F.3d at 1351. However, "[c]ompliance with the written description requirement ...

-11-

113479346.3

is amenable to summary judgment in cases where no reasonable fact finder could return a verdict for the non-moving party." *PowerOasis, Inc. v. T-Mobile USA, Inc.*, 522 F.3d 1299, 1307 (Fed. Cir. 2008). "A party must prove invalidity for lack of written description by clear and convincing evidence." *Vasudevan Software, Inc. v. MicroStrategy, Inc.*, 782 F.3d 671, 682 (Fed. Cir. 2015).

### 2. RSA Added the Claim Limitation at Issue During Prosecution without Proper Support

During prosecution of the application that resulted in the issuance of the '865 Patent, RSA, on July 26, 2011, in a document titled Response to January 26, 2011 Final Office Action, amended its then-pending claims to add the following limitation to the claims:

> "wherein the at least one first structural member or the at least one structural member or both are configured or tied together to retain within the base supporting media introduced into the base when the base is mounted in the excavation such that the rotation is resisted of a bollard or bollards and the base from an impact against the bollard or bollards."

(SAF 65)

At the time of the amendment, RSA's independent claims stood rejected as being anticipated by U.S. Patent Number 6,702,512 to Reale ("Reale '512"). (SAF 66) RSA stated in the Response to the rejection that:

> "Independent claims 5 and 20 were amended to include the limitation quoted above specifically that the at least one first structural member or the at least one structural member or both are configured or tied together to retain within the base supporting media introduced into the base when the base is mounted in the excavation. It is submitted that Reale '512 does not disclose or suggest this. Further, claims 5 and 20 claim *that rotation of such a configured base is resisted from an impact against the bollard or bollards*.

(SAF 67)

RSA indicated that support for the "resistance to rotation of a bollard(s) and base from an impact from a bollard or bollard(s)" is discussed in ¶¶ [0016]-[0017],

-12-

which correspond to Col. 2, line 65 to Col. 3, line 20 of the '865 Patent and which are discussed below. (SAF 68, 69) This excerpt states:

> The bollard system of this invention works as the crash vehicle strikes the bollard near its top edge translating the forces from that impact to the base of the bollard. The forces at the base of the bollard are transmitted to the foundation pad or base, and from there into the soil or concrete depending on what the unit is seated on. The resistance force is of the reverse order stated above.
>
> The bollard system of this invention is able to become more shallow (14″ to 6.5″ to 3″) by controlling the compliance supplied by the foundation **to resist the rotation at the base of the bollard**. Specifically the bollard system of this invention can utilize a more shallow trench by more efficiently transmitting the loads to the support media (soil or concrete). The more efficient transfer of the impact load is also accomplished by the addition of either one, a group or all of the following enhancements: 1) a wider base; 2) a heavier base; 3) longer base (laterally and tying adjacent units together); 4) increasing the efficiency of the grillage; 5) stiffer base; 6) ability to place bollard in different locations in the base (for example placing the bollard at the back of the base makes the system weaker), 7) the addition of internal stiffeners both inside the tubes forming the base and inside the pipe forming the bollard, and 8) others.

(SAF 70)

The above excerpt clearly refers to rotation of the bollard. It is only the rotation of the bollard that is described. Notably, the rotation is at the base of the bollard (top of the trench). This means that the axis of rotation of the bollard is at the juncture of the bollard and pad base. This excerpt says nothing about rotation of the base, which if it occurred would be at the top of the back wall, not at the base of the bollard. (SAF 64)

### 3. The Remainder of the Specification Does Not Support the Amendment to the claims

The '865 Patent specification mentions or suggests "resistance to rotation" only four times. (SAF 70-73) This would include the excerpt discussed above and

-13-

113479346.3

the following.

First at Col. 2, lines 56-60, the '865 Patent states, with respect to deep trench systems:

> If there is no strong resistive force at the top of the trench, then there is a greater chance of more *rotation of the bollard* which would permit the crash vehicle to breach the system, thereby obviating the crash control device.

(SAF 71)

Then, at Col. 2 lines 60-64, the '865 Patent states:

> In the shallow mount bollard system of this invention, the *resistive forces* are all at the base of the bollard (at the top of the trench) and therefore reduce the likelihood of the *bollard rotating* and vehicle breaching the security system.

(SAF 72)

In both of the excerpts above, it is only the rotation of the bollard that is described. The "base of the bollard (at the top of the trench)" is where the bottom of the bollard meets the foundation pad or "base". (SAF 61)

At Col. 5, lines 38-41, the '865 Patent states:

> The bollard system of this invention does not lend itself to the installation of a single bollard, since without an extended base or pad, there is *not sufficient resistance to stop the rotation of the pipe bollard*.

(SAF 73)

Once again, it is only the rotation of the bollard that is described. Significantly, the bollard is referred to as a "pipe bollard." This would seem to exclude the base (pad). This excerpt is also important because it requires the bollard systems to have at least a "sufficient amount of resistance to stop the rotation of the bollard as a result of an impact." As noted in the discussion of indefiniteness, a "sufficient" amount of resistance is not disclosed in the '865 patent nor is there any guidance of how to determine what it needs to be.

There is no mention of resistance to rotation of the base in the specification.

-14-

113479346.3

Nevertheless, RSA added this claim limitation comprising unsupported subject matter and relied on it to overcome a rejection based on prior art. For this additional reason, the Asserted Claims should be invalidated for lack of written description.

### C. Sufficient Resistance to Rotation is Not an Inherent Property of the Bollard Structures of the '865 Patent

RSA argues that the U.S. Patent and Trademark Office ("USPTO") already found support in a provisional application. Dkt. No. 99-1 at pp. 9-10 of 20. The argument is not persuasive. First, Examiners can be wrong. This is fundamental to litigation, where the conclusions of the USPTO are challenged regularly. In this particular case the request was for *ex parte* reexamination. Under this procedure, Delta was not allowed to challenge or otherwise comment on the Examiner's conclusions. Further, as noted above, the claims require "a sufficient" amount of resistance to rotation, even if this requirement is indefinite. "Sufficient" resistance to rotation is not an inherent characteristic. It depends, at least in part on the magnitude of the impact force, which depends on the speed and weight of the impacting vehicle. (SAF 44)

### D. Conclusion

For the above reasons, Delta's Motion for Summary Judgment of Lack of Written Description should be granted and RSA's cross motion should be denied.

Dated: February 9, 2021

Respectfully submitted,

LEWIS ROCA ROTHGERBER
CHRISTIE LLP

By /s/ David A. Dillard
David A. Dillard

Attorneys for Defendant
Delta Scientific Corporation

-15-

113479346.3